IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TREVON JAMAL JENNINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:16CV983 |
| v. ) | 1:14CR283-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 26) pursuant to 28 U.S.C. § 2255. This Motion cannot be further processed for the following reasons:

1. Motion was not signed by Petitioner. Rule 2(b), Rules Governing § 2255 Proceedings. At least one copy of submitted motions must bear Petitioner's original signature.

2. Plaintiff does not state any nonfrivolous claim for relief. Petitioner, who pled guilty to violating 18 U.S.C. § 922(g)(1) by being a convicted felon in possession of a firearm which had traveled in interstate commerce, asserts that his conviction fails because the Government did not prove that the State of North Carolina, where he possessed the firearm, is a federal enclave or territory. He also claims that his attorney provided ineffective assistance of counsel by failing to raise this argument. Congress passed § 922(g) based on its power under the Commerce Clause of the United States Constitution, not its power to regulate federal enclaves and territories. Davis v. United States, No. 03-CV-1149 (ILG), 2003 WL 21056988, at *2 (E.D.N.Y Mar. 17, 2003) (unpublished). Therefore, the Government did not have to prove that Petitioner possessed the firearm in such a territory. Id. Petitioner's attorney did not provide ineffective assistance for failing to raise this meritless argument.

Because of these pleading failures, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defects of the present Motion.[1]  To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow.

Plaintiff also filed a Motion (Docket Entry 27) seeking transcripts from his change of plea and sentencing hearings.  This request will be denied in light of the recommendation of dismissal.  Petitioner may raise the request again upon the filing of § 2255 Motion signed by Petitioner and raising a nonfrivolous claim.  However, the Court also notes that Petitioner's current argument is a purely legal argument and not based on any matter that would be contained in the requested transcripts.  If Petitioner requests transcripts in the future, he must tie that request to a particularized need for the transcripts in order to establish the claim or claims he raises.

IT IS THEREFORE ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS FURTHER ORDERED that Petitioner's Motion (Docket Entry 27) seeking transcripts is denied without prejudice to him renewing the request in relation to a properly filed § 2255 Motion.

---

[1] To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner.

IT IS THEREFORE RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 28th day of July, 2016.

                                            /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                     **United States Magistrate Judge**